PER CURIAM.
The trial court dismissed a petition to revoke probate of a will which petition was filed by the decedent’s cousin who sought to share in the decedent’s estate through intestacy. We affirm.
The cousin moved to revoke probate of a 1981 will by alleging that the decedent revoked the will when he executed a subsequent inconsistent will in 1989. The cousin then alleged that the subsequent inconsistent 1989 will was not enforceable because the beneficiaries failed to comply with various conditions precedent and therefore the estate should pass via intestacy.
The cousin attached to her complaint the document she claimed to be a will. The document, entitled “agreement”, is between the decedent and the Boca Raton Museum of Art. It provides for the gift of art and cash to the museum if the museum complies with the agreement’s stated conditions. Paragraph 7 of the agreement states that:
providing all the provisions of this Agreement have been met, Dr. and Mrs. Mayers agree to leave their entire estates by Will or Trust to the Museum through the May-ers Fund so that the Mayers Collection will grow and remain vital through the years.
The trial court’s order granting the motion to dismiss states:
It appears from the face of the Amended Petition that the “Agreement” a copy of which is attached to it is as a matter of law neither a will nor a codicil and, therefore, did not have the effect of revoking in whole or in part the decedent’s will dated December 16, 1981, which has been admitted to probate.
We wholeheartedly agree with the trial court’s order that under no construction of this document can it be construed to be a will. The trial court was not bound to the cousin’s legal conclusion that the “agreement” is a will. We also find that there is a complete absence of any justiciable issue of law or fact presented in this appeal, and therefore we assess attorney’s fees in favor of appellee and against appellant pursuant to section 57.105(1), Florida Statutes (1991). Accordingly, we remand this case to the trial court to determine the amount of a reasonable fee.
HERSEY, GUNTHER and WARNER, JJ., concur.